Charles Egan, Appellant, v. Wyman S. Bascom, Respondent. (Action No. 1.) Wyman S. Bascom, Respondent, v. Superior Trailer Manufacturing Corporation and Charles Egan, Appellants. (Action No. 2.) — Motion for stay granted. Restraining order modified by staying the trial and all proceedings until the hearing and determination of the appeals from orders granted December 29, 1941. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

The People of the State of New York, Respondent, v. Miles Gould, Appellant.— Application for an extension of time to argue appeal. Application granted, without costs, and time extended for six months from the date hereof. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of Robert Callan, Appellant, against State Highway Department and The State Insurance Fund, Respondents. State Industrial Board, Respondent.— Claimant, an employee of the New York State Highway Department, was injured while returning to his home at Kirkwood, N. Y., from the State paymaster's office in the city of Binghamton. He was riding in a car which the State authorities had engaged to take him from his home to the Binghamton office to sign the payroll and receive his wages. The time required to go from Kirkwood to Binghamton and return was less than two hours, the period for which the State paid. The claimant and his foreman after receiving their pay engaged in personal matters and were two or three hours in and about Binghamton after leaving the paymaster's office before returning to Kirkwood. The injury, which is unquestioned, was suffered by the claimant while riding in the foreman's automobile on the direct route from Binghamton to his home at Kirkwood. There is no evidence to sustain the finding of the Industrial Board that claimant was not injured in the course of his employment. Decision reversed, with costs, and the matter remitted to the Industrial Board for the purpose of making an award. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur; Crapser, J., dissents and votes to affirm the decision of the State Industrial Board.

In the Matter of the Claim of William E. Bergman, Deceased, and Rose Bergman, Appellants, against Mergenthaler Linotype Company, Ætna Life Insurance Co. and Special Fund's Conservation Committee, Respondents. State Industrial Board, Respondent.— Decision reversed in the interest of justice. There is testimony to the effect that there was no causal relation, but it seems incredible in view of the undisputed evidence that decedent was in perfect physical condition prior to February, 1925, when he suffered this accident, and that in May, 1925, when he returned to work, an X-ray disclosed a markedly enlarged heart and a second X-ray taken in 1930 indicated progressive enlargement of the heart. The photographs taken following the autopsy confirmed the X-rays, and indicate a continuity of progression from the injury up to the time of death. Decision reversed, with costs, and matter remitted to the Industrial Board for further consideration. Hill, P. J., Bliss, Heffernan and Schenck, JJ., concur; Crapser, J., dissents.